**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DENNIS RODGERS,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| **DAVID DIGUGLIELMO, et al.,** | : | **NO. 04-4010** |
| Respondents. | : | |

<u>**REPORT AND RECOMMENDATION**</u>

LYNNE A. SITARSKI                                                       October 31, 2008
UNITED STATES MAGISTRATE JUDGE

Now pending before this court is a Petition for Writ of Habeas Corpus, filed pursuant to

28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution in

Graterford, Pennsylvania (SCI Graterford).  For the reasons that follow, I recommend that the

Petition for Writ of Habeas Corpus be granted with respect to petitioner's Pennsylvania Corrupt

Organizations Act ("Pa.C.O.A.")(18 PA. CONS. STAT. ANN. § 911) conviction and denied in all

other respects as meritless or procedurally defaulted.

**I.      PROCEDURAL HISTORY**

On June 4, 1994, following a jury trial in the Court of Common Pleas of Philadelphia

County presided over by the Honorable Juanita Kidd Stout, petitioner was convicted of murder,

corrupt organizations, robbery, conspiracy, possession of an instrument of crime and possession

of a controlled substance with intent to deliver.

The facts at trial established that petitioner was a drug dealer who used his girlfriend's

(Vanessa Scott Jones) house to supply and distribute drugs.  In the summer of 1986, he was

advanced a kilo of cocaine by one of his suppliers, Howard Jackie Wright. After repeated attempts by Wright to collect the money owed to him for these drugs, petitioner instructed Jones to tell Wright to come to her house and pick up his money. He also told Jones that he intended to kill Wright. On August 7, 1986, Wright arrived at Jones' house, and Jones let him in. Petitioner, who was standing behind the door, stepped forward and shot Wright in the head, killing him. Both petitioner and Jones fled to Florida after the incident. Jones eventually was arrested in Florida and transported to Philadelphia. Petitioner claimed at trial that he knew nothing about the shooting; he claimed that was called to Jones' home where he found Wright dead. He also claimed that he fled Philadelphia out of fear that his life was in danger. *See* Trial Court Opinion, Phila. Court of Common Pleas, S.P. 2237 PHL 1994, (June 15, 1995). The jury apparently disbelieved this testimony, and convicted petitioner of murder and other offenses.

After a capital penalty hearing, the jury sentenced petitioner to life imprisonment without parole for first degree murder. The trial court also sentenced petitioner concurrently to a term of ten to twenty years for corrupt organizations, five to ten years for conspiracy, and two and one-half to five years for the weapons offenses. Sentence was suspended as to both the theft and drug charges. *See* Trial Court Opinion, Phila. Court of Common Pleas, S.P. 2237 PHL 1994 (June 15, 1995).

Petitioner filed a direct appeal to the Superior Court and raised two issues on direct appeal:

> 1. Whether the court erred in permitting a Commonwealth witness to give the legal conclusion that an out-of-state witness cannot be arrested on his outstanding bench warrants when summoned to testify in the Commonwealth.

-2-

   2. Whether the evidence was insufficient to sustain the verdict of corrupt

organizations.

*See Commonwealth v. Rodgers*, 669 A.2d 412 (Pa. Super. Ct., Sept. 18, 1995)(table).[1]  The

Superior Court affirmed petitioner's judgment of sentence on September 18, 1995.

   Petitioner thereafter sought allowance of appeal in the Pennsylvania Supreme Court,

which was denied on March 12, 1996.  *Commonwealth v. Rodgers*, 674 A.2d 1070 (Pa.

1996)(table).  On February 27, 1997, petitioner filed a petition under the Pennsylvania Post

Conviction Relief Act (PCRA), 42 PA. CONS. STAT. ANN. § 9541, *et seq*., raising twelve issues.

Paul J. Hetznecker, Esquire was appointed counsel and filed an amended petition, omitting

several of petitioner's original claims.  The amended PCRA petition includes only the following

claims: (1) appellate counsel was ineffective for failing to allege trial counsel's ineffectiveness in

failing to object to evidence of petitioner's bad character, specifically alleged prior crimes of

violence, as this evidence deprived petitioner of a fair trial; (2) appellate counsel was ineffective

for failing to allege trial counsel's ineffectiveness in permitting inadmissible hearsay evidence to

be admitted; and (3) appellate counsel was ineffective for failing to allege trial counsel's

ineffectiveness in failing to request a "corrupt source" charge with respect to the testimony of an

accomplice.  *See* Amended Post-Conviction Relief Act Petition, No. 3465-3472 (Phila. Court of

Common Pleas, Sept. 22, 2000).

   The Honorable Steven R. Geroff denied post conviction relief on October 31, 2001.  *See*

*Commonwealth v. Rodgers*, 173 EDA 2002 (Pa. Super. Ct., Dec. 6, 2002)(unpublished

---

   [1]  A copy of this opinion is attached to the Response to Petition for Writ of Habeas
Corpus.

memorandum opinion).[2]  Petitioner appealed this denial to the Superior Court.  While this appeal was pending, petitioner filed a Petition for Writ of Mandamus attempting to compel his court-appointed attorney to raise the issues in petitioner's original *pro se* petition.[3]  The Superior Court denied the Petition for Writ of Mandamus on March 27, 2002.  Order, 173 EDA 2002 (Pa. Super. Ct., Mar. 27, 2002).

On December 6, 2002, the Superior Court affirmed the PCRA court's ruling. *Commonwealth v. Rodgers*, 173 EDA 2002.  The Pennsylvania Supreme Court denied allowance of appeal on June 23, 2004.  *Commonwealth v. Rodgers*, 853 A.2d 361 (Pa. 2004)(table).

On August 24, 2004, with forty-one (41) days remaining for petitioner to file a petition for habeas corpus relief, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254.  Two memoranda of law accompany this *pro se* petition.  Additionally, counsel for petitioner filed a third memorandum of law in support of the petition for writ of habeas corpus on June 28, 2007. This third memorandum elaborates on claims brought in the prior two memoranda, and adds claims not previously raised in either the original petition or two accompanying memoranda.  As gleaned from the petition and three memoranda of law in support of the petition, petitioner presents the following issues for federal habeas review (in the order in which they have been presented to this Court):

(1)     Insufficiency of the evidence to prove the necessary elements for a

---

[2]  A copy of this opinion is also attached to the Response to Petition for Writ of Habeas Corpus.

[3]  Petitioner thus acknowledged that the *pro se* petition would not be accepted or reviewed by the state court, absent counsel's amending of the second petition to include his claims.

Pa.C.O.A. conviction;

(2)     Ineffective assistance of counsel for failure to object to evidence of bad

        character, prior crimes of violence, abuse, drug dealings, and possession of

        firearms;

(3)     Ineffective assistance of counsel for failure to object to inadmissible

        hearsay;

(4)     Ineffective assistance of counsel for failure to request a "corrupt source"

        charge with respect to Vanessa Jones;[4]

(5)     Ineffective assistance of counsel for failure to preserve the issue of the trial

        court's *ex parte* communication with the jury for appeal;[5]

(6)     Ineffective assistance of counsel for failure to present his defense of his

        actual innocence to all the charged offenses;[6]

(7)     Ineffective assistance of counsel for failing to object to the jury charge on

        proving malice beyond a reasonable doubt;

(8)     Improper admission of evidence as a result of the inclusion of the

---

[4] Petitioner includes the fourth claim (ineffective assistance of counsel for failure to request a "corrupt source" charge with respect to Vanessa Jones) in his original habeas petition. However, counsel for petitioner acknowledges in his counseled memorandum that petitioner does not pursue this claim, as the jury charge was in fact requested by trial counsel and given to the jury. Accordingly, petitioner's fourth claim will not be addressed by this Court.

[5] Neither Counsel for petitioner nor respondents address petitioner's claims of ineffective assistance of counsel for failure to preserve for appeal the issue of the trial court's *ex parte* communication with the jury.

[6] Neither Counsel for petitioner nor respondents address petitioner's claims of ineffective assistance of counsel for failure to present his defense of actual innocence to all the charged offenses.

Pa.C.O.A. charge; and

(9)     Ineffective assistance of counsel for failure to raise the insufficiency of the

evidence under *Commonwealth v. Besch,* 674 A.2d 655 (Pa. 1996) at trial

and on direct appeal, given the pendency of the Supreme Court appeal in

*Besch* and eventual decision which was rendered prior to petitioner's

appeal becoming final.

On December 22, 2004, petitioner's habeas corpus petition was held in civil suspense in

light of two cases pending before the Pennsylvania Supreme Court regarding the validity of

*Besch*.  The Pennsylvania Supreme Court issued an opinion in *Kendrick v. District Attorney*, 916

A.2d 529 (Pa. 2007), in February 2007, addressing the application of *Besch* following the 1996

amendments to the Pennsylvania Corrupt Organizations Act, 18 Pa. Cons. Stat. Ann. § 911 *et*

*seq*.

The matter was taken out of civil suspense status by Order of Court dated March 1, 2007

(Doc. No. 18).  Thereafter, counsel for petitioner filed three motions for extension of time to file

counseled pleadings, all of which were granted.  On June 28, 2007 (five days after the third

extended deadline for filing counseled pleadings had passed), petitioner filed a Motion for Leave

to File Counseled Pleadings Out of Time along with a counseled memorandum in support of the

habeas petition.  The court dismissed petitioner's Motion for Leave to File Counseled Pleadings

Out of Time as moot on September 13, 2007.

Respondents agree that petitioner is entitled to federal habeas relief with regard to his first

claim, in light of the Pennsylvania Supreme Court's decision in *Kendrick*.  However, respondents

contend that the following claims lack merit: ineffective assistance of counsel for failure to

-6-

object to evidence of bad character, prior crimes of violence, abuse, drug dealings, and

possession of firearms; ineffective assistance of counsel for failure to object to inadmissible

hearsay; and improper admission of evidence as a result of the inclusion of the Pa.C.O.A. charge.

Respondents further argue that the claims of ineffective assistance of counsel for failing to object

to the jury charge on proving malice beyond a reasonable doubt and ineffective assistance of

counsel for failure to raise the insufficiency of the evidence under *Commonwealth v. Besch,* 674

A.2d 655 (Pa. 1996) at trial and on direct appeal, are procedurally defaulted.


## II.      STANDARD OF REVIEW

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), an applicant for Writ of Habeas Corpus from a state court judgment bears a

significant burden.  Section 104 of the AEDPA imparts a presumption of correctness to the state

court's determination of factual issues - a presumption that petitioner can only rebut by clear and

convincing evidence.  28 U.S.C. § 2254(e)(1) (1996).  The statute also grants significant

deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a state
> court shall not be granted with respect to any claim that was
> adjudicated on the merits in state court proceedings unless
> adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law,
> as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in
> the State court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court in *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000), interpreted the standards established by the AEDPA regarding the deference to be accorded state court legal decisions, and more clearly defined the two-part analysis set forth in the statute. Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States." A state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Id.* at 405. This "contrary to" clause does not encompass the run-of-the-mill state court decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case." *Id.* at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* at 407-08. The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision

-8-

applied clearly established federal law erroneously or incorrectly.  Rather, that application must

also be unreasonable."  *Id.* at 410.


III.    **DISCUSSION**

    A.    **Pennsylvania Corrupt Organizations Act Conviction**

      Petitioner first claims that his conviction under the Pennsylvania Corrupt Organizations

Act ("Pa.C.O.A.") cannot stand.  Respondents do not challenge this assertion,[7] and only take

issue with the appropriate remedy.  This Court agrees that petitioner's conviction cannot be

upheld with regard to the Pa.C.O.A. charge.  I therefore recommend that a writ of habeas corpus

be issued.

      The earlier version of Pa.C.O.A. provided:

    (b) Prohibited activities.--

      (1) It shall be unlawful for any person who has
      received any income derived, directly or indirectly,
      from a pattern of racketeering activity in which such
      person participated as a principal, to use or invest,
      directly or indirectly, any part of such income, or
      the proceeds of such income, in the acquisition of
      any interest in, or the establishment or operation of,
      and enterprise....

      (2) It shall be unlawful for any person through a
      pattern of racketeering activity to acquire or
      maintain, directly or indirectly, any interest in or

_____

   [7]  Respondents note that petitioner's argument on this point is procedurally defaulted
because he did not raise the issue before the state courts, but they do not argue that petitioner's
Pa.C.O.A. claim should be dismissed on this basis.  Even if respondents had so argued, I would
recommend that the merits of this claim be addressed because petitioner's claim of actual
innocence to the Pa.C.O.A. charge would meet the fundamental miscarriage of justice exception
to procedural default and act as a gateway to bring this claim in federal habeas court.

control of any enterprise.

(3) It shall be unlawful for any person employed by
or associated with any enterprise to conduct or
participate, directly or indirectly, in the conduct of
such enterprise's affairs through a pattern of
racketeering activity.

(4) It shall be unlawful for any person to conspire to
violate any of the provisions of subsections (1), (2)
or (3) of this subsection.

18 PA. CONS. STAT. ANN. § 911(b).

The Pennsylvania Supreme Court's decision in *Commonwealth v. Besch*, 674 A.2d 655

(Pa. 1996), made clear that this earlier version of Pa.C.O.A. did not apply to individuals engaged

in wholly illegitimate enterprise or business.

On June 19, 1996, Pennsylvania legislature amended the Pa.C.O.A. to make it "explicitly

clear that it would target wholly illegitimate as well as otherwise legitimate enterprises."

*Kendrick*, 916 A.2d at 534.  The relevant amendment provides as follows:

'Enterprise' means any individual, partnership, corporation,
association or other legal entity, and any union or group of
individuals associated in fact although not a legal entity, engaged
in commerce and includes legitimate as well as illegitimate entities
and governmental entities.

18 PA. CONS. STAT. ANN. § 911(h)(3) as amended June 19, 1996.

Thereafter, the Pennsylvania Superior Court decided that the amendment overruled

*Besch*.  *Commonwealth v. Shaffer*, 696 A.2d 179, 183 (Pa. Super. Ct. 1997), *rev'd,* 734 A.2d 840

(Pa. 1999).  On July 21, 1999, the Pennsylvania Supreme Court ruled that the amendment only

applied prospectively.  *Shaffer*, 734 A.2d at 844.

In *Kendrick*, the Pennsylvania Supreme Court explained: "Pa.C.O.A. encompassed both

-10-

legitimate and illegitimate enterprises only after the 1996 legislative amendment to that explicit effect, but it encompassed only otherwise legitimate enterprises from the date of the statute's enactment in 1973 until the 1996 legislative amendment." *Id.* at 535.

As respondents acknowledge, the evidence presented at petitioner's trial did not establish that petitioner's criminal activities were in any way connected to legitimate business concerns, as the then-effective version of Pa.C.O.A. required. *See* Response to Petition for Writ of Habeas Corpus, p. 11. The subject events occurred from August 1986 through December 1986, when Pa.C.O.A. applied to only legitimate enterprises. Therefore, petitioner's Pa.C.O.A. conviction cannot stand.

Therefore, I recommend that a writ of habeas corpus be issued with regard to the Pa.C.O.A. conviction and that this conviction be vacated.

Respondents argue that elimination of the Pa.C.O.A. sentence will not change the aggregate sentence, but this is an issue for the state court to address in the first instance. I therefore recommend that the writ be granted with regard to this claim, but that the execution of the writ be stayed for 180 days to allow the state court to vacate petitioner's Pa.C.O.A. conviction and resentence petitioner.

**B.     Petitioner's Claim That Evidence Was Inadmissible**

Petitioner claims that the inclusion of the Pa.C.O.A. charge resulted in the admission of otherwise inadmissible evidence at trial. Specifically, petitioner claims in his counseled memorandum of law that evidence of unrelated drug dealing, weapons offenses and violence was admitted as a result of the Pa.C.O.A. charge, and would not have been admissible with regard to the murder charge and other offenses.

The clear propriety of the admissibility of the evidence of petitioner's drug dealing and the evidence that he carried a weapon, demonstrates that there is no need for a new trial.  The evidentiary issues need not be remanded, because the evidence relating to petitioner's drug dealings was relevant and admissible to prove petitioner's motive in killing the victim, and to discredit his own testimony.  Therefore, the admission of this evidence did not amount to a due process violation.

Typically, all evidence which tends to make the existence or non-existence of a material fact more or less probable is admissible, subject to the prejudice/probative value weighing which attends all decisions upon admissibility.  *See* Pa.R.E. 401; Pa.R.E. 402.  *See also Commonwealth v. Malloy*, 856 A.2d 767, 775 (Pa. 2004).  A federal habeas court cannot decide whether the evidence in question was properly allowed under the state rules of evidence.  The appropriate inquiry on federal habeas review is whether the admission of the evidence rose to the level of a due process violation.  *Keller v. Larkins*, 251 F.3d 408, 415 n. 2 (3d Cir. 2001).  A state court evidentiary ruling will rise to the level of a due process violation only if the habeas petitioner can establish that the alleged error was of such magnitude that it undermined the fundamental fairness of the entire trial.  *Id.* at 413.

## 1.    Drug Dealing

Petitioner complains that evidence of his drug dealing was highly prejudicial and inadmissible absent the Pa.C.O.A. charge.  Specifically, petitioner points to the testimony of Ms. Jones concerning petitioner's business of selling cocaine; the testimony of Mr. Gaskins about petitioner's drug dealing; the testimony of Officer Vaughn about the profit expected from a $25,000 investment in a kilogram of cocaine; the testimony of Johnnie Mae Wright about a nine

year old drug delivery; and the testimony of Sonya Royster about the adverse effects of having

been suspected of stealing a drug dealer's cocaine.  *See* Petitioner's Third Memorandum of Law

in Support of the Petition for Writ of Habeas Corpus, pp. 19-20 (Doc. No. 26).

　　　　With regard to this evidence of petitioner's prior drug dealings, petitioner was charged

with Murder, Criminal Conspiracy and possession of a controlled substance with intent to

deliver.  All evidence as to his drug dealing was highly relevant to these charges and outweighed

any prejudice to petitioner.   The trial court explicitly concluded that the evidence admitted with

regard to the Pa.C.O.A. charge "also satisfied the Commonwealth's burden of proof on the

charges of criminal conspiracy and possession with intent to deliver."  Trial court opinion, S.P.

2237 PHL 1994, p. 5.

　　　　Additionally, the evidence presented at trial regarding petitioner's drug dealing was used

to impeach petitioner's credibility and establish a motive.  Petitioner testified at his trial, and

denied being a drug dealer.  The objected-to evidence showed that the victim fronted petitioner a

kilo of cocaine and was owed a large sum of money for the drugs.  The Commonwealth

demonstrated at trial that petitioner did not have the money to pay the victim, and on the night of

his murder, the victim came to petitioner's girlfriend's house, threatening to kill petitioner.  This

evidence was highly relevant to the credibility and motive of petitioner.

　　　　Furthermore, the Commonwealth presented evidence that petitioner made approximately

$100,000 per month from his drug dealings.  The evidence showed that petitioner knew the

murder victim through years of being an upper level drug dealer himself.  It was also relevant

that petitioner kept drugs at his girlfriend's apartment, which was the location of the murder.

　　　　For these reasons, the admission of evidence of petitioner's drug dealings was otherwise

-13-

admissible irrespective of the Pa.C.O.A. charge.  The admission of this evidence did not undermine the fundamental fairness of the entire trial, and thus was not a due process violation.  I therefore recommend that this aspect of petitioner's request for habeas relief be denied.

### 2.   Possession Of Firearms

Petitioner next claims that evidence of his possession of a firearm would have been otherwise inadmissible but for the Pa.C.O.A. charge.  Specifically, he argues that the testimony of Mr. Gaskins that he saw petitioner with a gun that resembled the caliber of gun used in the murder would have been inadmissible absent the Pa.C.O.A. charge.

Petitioner was charged with murder in the first degree and possession of an instrument of crime ("PIC").  Any evidence of petitioner's ownership and possession of a gun which fired the same type of bullets that killed the victim was highly relevant to the murder and PIC charges, and such evidence was admissible despite the Pa.C.O.A. charge.  In any event, the admission of this evidence was not a due process violation, because this evidence did not undermine the fundamental fairness of the trial.

Therefore, I recommend that petitioner's due process claim based on the admission of this evidence be dismissed as meritless.

### C.   Ineffective Assistance Of Counsel Claims

### 1.   Standard of Review

When reviewing claims of ineffective assistance of counsel, this Court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged ineffectiveness of counsel.  *Strickland v. Washington*, 466 U.S. 668, 695 (1984).  The Supreme Court has set

forth a two-prong test by which ineffective assistance of counsel claims are evaluated.  *Id.* at

668.  First, the petitioner must demonstrate that his trial counsel's performance fell below an

"objective standard of reasonableness."  *Id.*  The Supreme Court explained:

> A fair assessment of attorney performance requires that every
> effort be made to eliminate the distorting effects of hindsight, to
> reconstruct the circumstance of counsel's challenged conduct,
> and to evaluate the conduct from counsel's perspective at the
> time.  Because of the difficulties inherent in making the
> evaluation, a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable
> professional assistance; that is, the defendant must overcome
> the presumption that, under the circumstances, the challenged
> action "might be considered sound trial strategy."

*Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91 (1955)).  A convicted defendant asserting an

ineffective assistance of counsel claim must therefore identify the acts or omissions that allegedly

fell short of reasoned professional judgment.  *Id.* at 690.  The reviewing court must then

determine whether, in light of all the circumstances, the identified acts or omissions were outside

"the wide range of professionally competent assistance."  *Id.*  A habeas court cannot re-examine a

state court's determination of a state law issue.  *Estelle v. McGuire*, 502 U.S. 62, 67-8 (1991).

Counsel's failure to raise a claim which has been found to be meritless by the state court does not

amount to ineffective assistance of counsel.  *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir.

2004).

       Second, the petitioner must demonstrate that counsel's deficient performance prejudiced

the defense.  *Strickland*, 466 U.S. at 687.  To establish prejudice, the petitioner must show that

"there is a reasonable probability that, but for counsel's unprofessional error, the result of the

proceeding would have been different."  *Id.* at 694.  A reviewing court need not determine

whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency.  If the Court can dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed.  *Id.* at 697.

The Supreme Court has made clear that as long as the reasoning of the state court does not contradict relevant Supreme Court precedent, AEDPA's general rule of deference applies. *See Early v. Packer*, 537 U.S. 3 (2002).  The deferential standard of AEDPA applies even if the state court does not cite to any federal law as long as the state court decision is consistent with federal law.  *Priester v. Vaughn*, 382 F.3d 394, 398 (3d Cir. 2004).  Thus, in evaluating federal habeas ineffective assistance of counsel claims, the AEDPA standard of review as well as the demanding *Strickland* standard create a "doubly differential" review for federal habeas courts to apply.  *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).[8]

## 2.      Failure To Object To Evidence

Petitioner claims that trial counsel was ineffective for failing to object to evidence of prior crimes of violence, alleged abuse, irrelevant drug dealing, possession of firearms and evidence of demonstration firearms.

### a.      Evidence of Alleged Abuse and Prior Violent Crimes

Petitioner contends that counsel was ineffective because she should have objected to the testimony of Vanessa Scott Jones, who was an eyewitness to the murder.  Jones was petitioner's girlfriend at the time of the murder.  She testified that she aided and fled with the petitioner for

---

[8]  The Third Circuit has compared Pennsylvania's ineffective-assistance test with the test enunciated in *Strickland* and found that a state court decision that applied the Pennsylvania ineffectiveness test did not apply a rule of law that contradicted *Strickland* and was thus not "contrary to" established Supreme Court precedent.  *Werts v. Vaughn*, 228 F.3d 178, 202-04 (3d Cir. 2000).

three months after the crime because she was afraid of petitioner, and he had strangled and choked her, and had threatened to kill her if she attempted to leave.

The PCRA court rejected this claim of ineffectiveness.  PCRA Court Opinion, p. 3.  The PCRA court stated that "[t]he testimony of Ms. Jones was admissible to describe the 'how and why' of the crime and subsequent flight."  PCRA Court Opinion, p.3 (citations omitted).  The PCRA court also noted that this testimony was admissible to support the credibility of Ms. Jones.

"It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  Where a petitioner's underlying claim is found to be meritless by the state court, counsel's failure to raise such a claim does not amount to ineffectiveness.  *Priester*, 382 F.3d at 402.

Since the PCRA court found this claim meritless, and this finding is consistent with federal law, I recommend that this ineffectiveness claim be dismissed.

> **b.**   **Evidence of Drug Dealings, Possession of Firearms and Demonstration Firearms**

Petitioner next contends that counsel was ineffective for failing to object to the testimony of Mr. Gaskins, who testified about petitioner's drug dealing (among other things).  Petitioner also alleges counsel was ineffective for failing to object to leading questions directed at Gaskins regarding the identification of the demonstration firearms and a gun seen in the house with the body.  Petitioner further argues that counsel was ineffective for eliciting testimony from Mr. Gaskins which showed that the Mr. Gaskins had previously seen petitioner with a .9 mm luger; indeed petitioner had sold Mr. Gaskins this type of firearm.  Second Memorandum in Support of Petition for Writ of Habeas Corpus, pp. 29-30 (Doc. No. 26).

-17-

The PCRA court noted, "[Mr. Gaskins] had just testified that the defendant admitted to him that he shot the deceased because he had tried to rape Ms. Scott.  The impact of this additional fact - that the defendant possessed or used a gun on a prior occasion - is minor compared to the admission by the defendant to the witness."  PCRA Court Opinion, p. 4. (citations omitted).  The evidence regarding petitioner's prior crimes, alleged abuse, drug dealing, and possession of firearms introduced at trial (including the testimony of abuse by Vanessa Scott Jones, the testimony of Dwight Gaskins regarding the type of gun owned by petitioner, and the petitioner's business of selling drugs) was properly admitted under state law, and therefore, there was no reason for counsel to object.

Furthermore, petitioner has failed to demonstrate any probability that had counsel objected to this evidence, the result of the trial would have been altered.  The PCRA court's determination is not contrary to, nor does it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court.  As such, I recommend that this claim be dismissed as meritless.

### c.       Hearsay Evidence

Petitioner's third claim is that trial counsel was ineffective for failing to object to inadmissible hearsay evidence.  Petitioner claims that he was deprived of a fair trial because the prosecutor repeatedly attempted to cross-examine petitioner with statements given to the police by Ms. Jones' five and seven year old children.

As respondents state, counsel objected to this line of questioning, the objection was sustained, petitioner never answered the question and the statements were not mentioned by the prosecution again.  Petitioner argues in his third memorandum of law that mere objection was not

-18-

enough; counsel's failure to request a mistrial based upon these statements prejudiced him.

Petitioner has failed to demonstrate that had counsel requested a mistrial, there would have been any probability that the trial judge would have declared one.  Indeed, a review of the trial testimony reveals that the Court did not allow the admission of these statements, and very little was actually said in front of the jury before an objection was made and eventually sustained. N.T. 6/2/93, pp. 609-615.  Additionally, counsel requested that the Court give a cautionary instruction regarding any references to the these statements.  N.T. 6/3/93, pp. 689-90.  The members of the jury were given a cautionary instruction regarding any testimony that they may have heard regarding these statements.  N.T. 6/3/93, p.691.

Finally, we note that petitioner raised this issue in his PCRA petition and the PCRA court found the claim meritless for these reasons.  *See Commonwealth v. Rodgers*, Opinion, 9211-3465, pp. 4-5 (Phila. Court of Common Pleas, May 6, 2002)  On appeal, the Superior Court agreed.  *See Commonwealth v. Rodgers*, 173 EDA 2002 (Dec. 6, 2002).  Accordingly, I find that the state court did not unreasonably apply, nor make a determination contrary to *Strickland*.  I therefore recommend that this claim be dismissed.

---

IV.     **PROCEDURALLY DEFAULTED CLAIMS**

Petitioner claims that counsel was ineffective for four additional reasons: failing to raise the insufficiency of the evidence under *Besch*; failing to preserve the issues of whether the trial court's *ex parte* communication with the jury denied him a fair trial; failing to present his defense of his actual innocence as to all the charges; and failing to object to the trial court's jury instruction on proving malice beyond a reasonable doubt.  These claims are procedurally

-19-

defaulted.

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demand, in turn, that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. *Santana v. Fenton*, 685 F.2d 71, 73-74 (3d Cir. 1982). The Supreme Court held that to protect the integrity of the federal exhaustion rule the inquiry is not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies. *O'Sullivan*, 526 U.S. 838, 848.

However, "[i]f [a] petitioner failed to exhaust state remedies and the court to which petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred ... there is procedural default for the purpose of federal habeas..." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999). The doctrine of procedural default bars federal habeas relief when a state prisoner has defaulted on his federal claims in state court pursuant to an independent and adequate state procedural rule. *Doctor v. Walters*, 96 F.3d 675, 683 (3d Cir. 1996). In order to judge the independence and adequacy of the state grounds, the Court must ascertain if (1) the state procedural rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) the state courts consistently apply the procedural rules. *Bond v. Fulcomer*, 864 F.2d 306, 311-12 (3d Cir. 1989)(citing *Wainwright v. Sykes*, 433 U.S. 72, (1977)). "In the context of direct review of a state court judgment, [this] doctrine is jurisdictional... [b]ecause this Court has no power to review a state law determination that is

-20-

sufficient to support the judgment." *Id.* "In the absence of [the procedural default doctrine] in federal habeas, habeas petitioners would be able to avoid the exhaustion doctrine by defaulting their federal claims in state court." *Id.* at 732.

In the event a petitioner brings claims which are procedurally defaulted, he is not entitled to federal habeas review unless he can show that his default should be excused. Default will be excused only where the petitioner can show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims would result in a fundamental miscarriage of justice." *Id.* at 750. To meet the miscarriage of justice exception, petitioner must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. DeFeo*, 513 U.S. 298, 327 (1995).

### A.    Failure To Raise The Insufficiency Of The Evidence Under *Besch*

Petitioner claims counsel was ineffective for failure to raise the insufficiency of the evidence based upon the *Besch* holding at trial and on direct appeal. In support of his contention, petitioner refers to his *pro se* PCRA petition (which was later superceded by an amended counseled memorandum, as previously discussed). *See* Petitioner's Reply to the Commonwealth Parties' Response to Petition for Writ of Habeas Corpus pp. 3-4 (Doc. No. 34). However, petitioner does not specifically refer to any part of the *pro se* PCRA petition which raises this claim. *See* Third Memorandum of Law in Support of Petition for Writ of Habeas Corpus, pp. 27-8 (Doc. No. 26).

According to petitioner, counsel was ineffective for not raising an insufficiency of the evidence argument under *Besch*, during trial and on direct appeal, when several cases were

pending before the Pennsylvania Supreme Court which might call into question the holding in

*Commonwealth v. Yacoubian*,[9] 489 A.2d 228 (Pa. Super. Ct. 1985).  In *Besch,* the Pennsylvania

Superior Court held that it was sufficient for the Commonwealth to prove a wholly illegitimate

business to support a Pa.C.O.A. conviction.  614 A.2d 1155 (Pa. Super. Ct. Aug. 13, 1992).

While petitioner's post trial motions were pending, the Pennsylvania Supreme Court granted

allocatur in *Besch*.  Petitioner argues that competent counsel would have seen the writing on the

wall, and would have made an argument based upon the possibility that the *Besch* decision would

be overturned.

Petitioner also argues that counsel was ineffective because thirty-four (34) days after his

petition for allocatur was denied, the Pennsylvania Supreme Court overturned the Superior Court

decision in *Besch*, and counsel failed to file a writ of *certiorari* in the United States Supreme

Court.  Petitioner's claims of ineffectiveness regarding this claim begin at the time of trial and

continue until the time expired for seeking a writ of *certiorari*.  Petitioner has failed to properly

raise this claim in state court - either on direct appeal or in PCRA court.  Accordingly, the claim

is procedurally defaulted.

Petitioner claims that his circumstances warrant application of the fundamental

miscarriage of justice exception to procedural default, because he is actually innocent of the Pa.

C.O.A charge.  The Third Circuit has not addressed the issue of whether the *Besch* interpretation

of Pa.C.O.A. can establish "actual innocence" to act as a gateway to consider the merits of an

otherwise procedurally defaulted claim.  However, even if the Court were to accept this

---

[9]  This case held that under Pa.C.O.A. the definition of "enterprise" was unrestricted and
sufficiently broad to include both legitimate and illegitimate enterprises.

argument, his claim is meritless.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  However, "[b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id.* (quotation omitted).  "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."  *Id*. at 690.

Petitioner's counsel on direct appeal did not preserve this issue because at that time *Commonwealth v. Yacoubian* was the prevailing law.  In *Kendrick*, 916 A.2d 529, the Pennsylvania Supreme Court held that the Pennsylvania Supreme Court's decision in *Besch* did not present a change in the law, but rather, explicated the meaning and scope of a statutory term. Petitioner thus argues that Attorney McDermott was ineffective because the language of the statute was clear at the time of petitioner's direct appeal and she should have preserved the issue. Petitioner's Reply to Commonwealth Parties' Response to Petition for Writ of Habeas Corpus, p. 12 n. 6 (Doc. No. 34).

In evaluating an ineffective assistance of counsel claim arising out of *Besch*, the Pennsylvania Supreme Court observed,

> "[t]he eventual interpretation embraced by the *Besch* majority opinion was
> premised upon the perceived overall legislative intent.  That conclusion, however,
> was not foreshadowed by anything in Pennsylvania jurisprudence, and it was

-23-

rendered over a three-Justice dissent which invoked the plain language of the statute. Trial counsel, of course, cannot be deemed ineffective for failing to predict a change or development in the law."

*Commonwealth v. Williams*, 936 A.2d 12, 28 (Pa. 2007) (citation omitted).

Attorney McDermott followed the then-binding law. Her failure to anticipate the overruling of *Yacoubian* and an entire line of Superior Court cases does not amount to ineffective assistance of counsel. I therefore recommend that petitioner's claim be dismissed as meritless.[10]

### B.  Ineffective Assistance Of Counsel For Failure To Preserve The Issue Of The Trial Court's *Ex Parte* Communication With The Jury And Ineffectiveness Of Counsel For Failing To Present His Defense Of His Actual Innocence

Petitioner has not demonstrated that preclusion of his claims of ineffectiveness for failing to preserve the issues of the trial court's *ex parte* communication with the jury denied him a fair trial, nor has he demonstrated that counsel's failure to present his "actual innocence" defense would result in a miscarriage of justice. Furthermore, these claims are not addressed in petitioner's counseled memorandum, and are arguably abandoned.[11] Petitioner's second *pro se* memorandum accompanying his habeas petition addresses these claims, but does not set forth any meaningful argument that these claims are not procedurally defaulted, nor does he explain why these claims fall into any exception.

Accordingly, I recommend that these claims be dismissed as procedurally defaulted.

_____

[10] In any event, this particular "ineffectiveness" claim is moot, because I am recommending that the writ of habeas corpus be granted to vacate the Pa.C.O.A. charge.

[11] Similarly, petitioner did not raise the fourth claim in his counseled memorandum (ineffectiveness of counsel for failure to request a "corrupt source" charge with respect to Vanessa Jones). Petitioner explicitly acknowledged in his Reply to the Commonwealth Parties' Response to Petition for Writ of Habeas Corpus, that this claim has been abandoned. *See* Doc. No. 34, pp. 15-16.

**C.    Ineffective Assistance Of Counsel For Failure To Object To The Trial Court's Jury Instruction Regarding Reasonable Doubt And Proving Malice Beyond A Reasonable Doubt**

Petitioner also argues that counsel was ineffective for failing to object to the trial court's jury instruction on "reasonable doubt" and malice as an element of the murder charge.  Petitioner asserts that this claim was preserved because it was raised in petitioner's *pro se* PCRA petition.  However, appointed counsel filed an amended PCRA petition and did not include these claims.[12]

Petitioner objects to two portions of the jury charge.  Petitioner first claims that the charge was erroneous because the trial judge instructed the members of the jury that they could convict the petitioner based on the testimony of one prosecution witness, if they were to find beyond a reasonable doubt that the witness was truthful and the testimony covers each element of the offense charged.  *See* Third Memorandum of Law in Support of Petition for Writ of Habeas Corpus, pp. 31-2 (Doc. No. 26).  Petitioner also argues that the jury charge regarding malice was constitutionally deficient.

Additionally, petitioner argues that the jury instruction on malice was constitutionally defective because of the trial judge's reference to finding malice based upon the attendant circumstances.  *See* Third Memorandum of Law in Support of Petition for Writ of Habeas

_____

[12]    Petitioner did not raise these jury instruction claims on direct appeal, only in his *pro se* PCRA petition.  These claims were not discussed in his counseled, amended PCRA petition, and were not preserved on appeal.  *See Trowery v. Walters*, 45 F. App'x. 206, 207 (3d Cir.2002) (petitioner's claim unexhausted when it was first raised in his *pro se* PCRA petition, but was not included in his counseled, amended petition).  The Pennsylvania Supreme Court has explained that criminal appellants have no constitutional right to hybrid representation.  Thus, a refusal to consider *pro se* briefs from counseled litigants is proper so as not to "confuse and overburden the court."  *Commonwealth v. Ellis*, 626 A.2d 1137, 1140-41 (Pa. 1990).  *See also Commonwealth v. Pursell*, 555 Pa. 233, 724 A.2d 293, 301-02 (Pa. 1999); *Commonwealth v. Rogers*, 537 Pa. 581, 645 A.2d 223, 224 (Pa. 1994); *Commonwealth v. Meehan*, 628 A.2d 1151, 1157 n. 9 (Pa. Super. Ct. 1993).

-25-

Corpus, pp. 32-3 (Doc. No. 26), *citing* N.T. 6/3/93, pp. 709-10.  Petitioner argues that the trial judge lowered the burden of proof from beyond a reasonable doubt to a mere inference and that the trial judge failed to instruct that malice was an "essential element" of the crime which must be proved beyond a reasonable doubt.

Petitioner has failed to previously raise these claims, and the time has expired for bringing such claims in state court; thus, these claims are unexhausted and procedurally defaulted.  Petitioner argues that these claims should fall under the miscarriage of justice exception to procedural default because he is actually innocent of the Pa.C.O.A. charge. However, the jury charge challenged by petitioner are not related to the Pa.C.O.A. charge, they relate to charges of which he was convicted.

In the typical case, a habeas petitioner asserts actual innocence of the crime of which he was convicted to excuse procedural default of a claim challenging the proceedings that led to that conviction. *See*, e.g., *House v. Bell*, 547 U.S. 518, 555 (2006) (petitioner had made a sufficient "gateway" showing of actual innocence of a capital murder charge to justify a remand to allow the district court to consider his defaulted constitutional claims relating to this same murder conviction).   Here, petitioner does not assert that he is actually innocent of any other charge of which he was convicted.  Thus, these challenges to the jury charge, which are unrelated to the Pa.C.O.A. charge, will not be considered under the miscarriage of justice exception to procedural default.

Therefore, I recommend that the ineffective assistance claims arising out of counsel's failure to object to the jury charge be dismissed as procedurally defaulted.

Accordingly, I make the following:

-26-

**RECOMMENDATION**

AND NOW, this ___31ST___ day of October 2008, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus be GRANTED with respect to petitioner's Pa.C.O.A. conviction.  I recommend that the execution of the writ be stayed for 180 days to allow the state court to vacate petitioner's Pa.C.O.A. conviction and resentence petitioner.

In all other respects, I recommend that the Petition be denied.  The petitioner may file objections to this Report and Recommendation.  See Local Civ. R. 672.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

___/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

-27-