IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS RODGERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO.  04-4010 |

## MEMORANDUM

**Padova, J.**                                                                                    **March 17, 2009**

Petitioner Dennis Rodgers ("Rodgers") has filed the instant Petition for Writ of Habeas

Corpus, attacking several Pennsylvania state criminal convictions imposed in June 1993.  Magistrate

Judge Lynne A. Sitarski issued a Report and Recommendation on October 31, 2008, recommending

that the Petition be granted in part and denied in part.  Presently before the Court are Rodgers'

Objections to the Report and Recommendation.  For the following reasons, we overrule Rodgers'

Objections and approve and adopt the Report and Recommendation in a manner consistent with this

Opinion.

## I.        BACKGROUND

On June 4, 1993, following a jury trial in the Court of Common Pleas of Philadelphia County,

a jury convicted Rodgers of first-degree murder, robbery, conspiracy, possession of an instrument

of crime, possession of a controlled substance with intent to deliver, and a violation of the

Pennsylvania Corrupt Organizations Act ("Pa. C.O.A.").  See Commonwealth v. Rodgers, No. S.P.

2237 PHL 1994 (C.C.P. Phila. June 15, 1995), at 1 (hereinafter "Trial Court Opinion").  Rodgers had

a capital penalty hearing, at which the jury sentenced him to a term of life imprisonment without

parole for the first degree murder conviction.   Id.   The trial court also sentenced Rodgers to

concurrent terms of imprisonment for the Pa. C.O.A. conviction (10 to 20 years), the conspiracy

conviction (5 to 10 years), and the weapons offense conviction (2½ to 5 years).  Id. at 2.  The trial court suspended sentence as to the robbery and drug convictions.  Id.

Following his sentencing, Rodgers filed post-verdict motions with the trial court, challenging the sufficiency of the evidence and the trial court's rulings on various evidentiary issues, all of which the trial court denied.  See id. at 3-11.  Thereafter, Rodgers' filed a direct appeal to the Superior Court raising two claims,[1] both of which the Superior Court rejected.   See Rodgers v. Commonwealth, 669 A.2d 412 (Pa. Super. Ct. Sept. 18, 1995) (Table).  The Supreme Court of Pennsylvania denied allowance of appeal.  See Commonwealth v. Rodgers, 674 A.2d 1070 (Pa. Mar. 12, 1996) (Table).

On February 27, 1997, Rodgers filed a pro se PCRA petition, in which he alleged 12 errors, including several at issue in the instant Petition.   On September 22, 2000—following the appointment of counsel—an amended PCRA petition was filed that raised only three arguments:

> (1)   Whether the Appellate [sic] was ineffective for failing to allege trial counsel's ineffectiveness for failing to object to evidence of Appellant's bad character, specifically alleged prior crimes of violence as this evidence deprived Appellant of a fair trial?
>
> (2)   Whether the appellate counsel was ineffective for failing to allege trial counsel's ineffectiveness for permitting inadmissable [sic] hearsay evidence to be introduced?
>
> (3)   Whether the appellate counsel was ineffective for failing to

---

[1]The issues raised were:

> (1)   Whether the trial court erred in permitting a Commonwealth witness to give the legal conclusion that an out of state witness cannot be arrested on his outstanding bench warrants when summoned to testify in the Commonwealth; and
>
> (2)   Whether the evidence was insufficient to sustain the verdict of corrupt organizations.

> allege trial counsel's ineffectiveness for failing to request a "corrupt source" charge with respect to the testimony of an accomplice, Vanessa Scott Jones?

Commonwealth v. Rodgers, No. 173 EDA 2002 (Pa. Super. Ct. Dec. 6, 2002), at 2 (hereinafter "PCRA Appeal Opinion"). The PCRA court denied Rodgers' petition on October 31, 2001, and Rodgers appealed to the Superior Court. See id. at 1. With his PCRA appeal still pending, Rogers filed a Petition for Writ of Mandamus with the Superior Court seeking the appointment of new PCRA counsel because his attorney would not assert certain claims Rodgers had raised in his original pro se Petition. The Superior Court denied the Petition for Writ of Mandamus on March 27, 2002, but suggested that counsel seek remand to the trial court to address the allegations of his ineffectiveness. See Commonwealth v. Rodgers, No. 173 EDA 2002 (Pa. Super. Ct. Mar. 27, 2002) (per curiam), at 1 (citing Commonwealth v. Lawrence, 596 A.2d 165, 168 (Pa. Super. Ct. 1991)). On December 6, 2002, the Superior Court affirmed the PCRA court's ruling. (See PCRA Appeal Opinion at 1.) The Supreme Court of Pennsylvania denied allowance of appeal on June 23, 2004. See Commonwealth v. Rodgers, 853 A.2d 361 (Pa. June 23, 2004) (Table).

On August 24, 2004, Rodgers filed the instant Petition pursuant to 28 U.S.C. § 2254, to which he attached two pro se Memoranda in Support. (Docket No. 1.) On December 23, 2004, we suspended the case pending a decision by the Supreme Court of Pennsylvania in Kendrick v. District Attorney, 916 A.2d 529 (Pa. 2007), that would determine the validity of Rodgers' Pa. C.O.A. conviction. On October 27, 2005, counsel entered an appearance on Rodgers' behalf. On March 1, 2007, we removed the case from civil suspense,[2] and counsel filed a third Memorandum in Support on June 28, 2007, which elaborated on the claims asserted in Rodgers' two pro se Memoranda, raised

---

[2]The Supreme Court of Pennsylvania rendered its decision in Kendrick on February 20, 2007.

new claims not appearing in either the original petition or the pro se submissions, and dropped some

of Rodgers' pro se claims.

On October 31, 2008, Magistrate Judge Sitarski filed a Report and Recommendation ("R &

R"), recommending that the Petition be granted with respect to Rodgers' Pa. C.O.A. conviction but

be denied in all other respects.[3]  Magistrate Judge Sitarski further found no probable cause to issue

a certificate of appealability.  Rodgers filed the following counseled objections to the R & R:

> (1)  Objection to incomplete findings of fact.
>
> (2)  Objection to conclusion that relief should be limited to Petitioner's conviction for corrupt organizations.
>
> (3)  Objection to the magistrate judge's conclusion that trial counsel was not ineffective for failing to sufficiently object to, or for actively eliciting, evidence and argument as to other crimes, alleged abuse, irrelevant drug dealing, possession of firearms, demonstration firearms and references to hearsay statements by Jones' children.
>
> (4)  Objection to the magistrate judge's conclusion that trial and direct appeal counsel were not ineffective for failing to make an argument for petitioner based on the rationale which was eventually made explicit in [Commonwealth v. Besch, 674 A.2d 655 (Pa. 1996)] – and to the conclusion that this argument was not timely raised in this proceeding.
>
> (5)  Objection to the magistrate judge's conclusion that petitioner's ineffectiveness claim related to the jury charge on reasonable doubt and malice is procedurally defaulted, and to the failure to recommend relief on this count.

(Objections at 1.)  We address each objection in turn.

---

[3]Magistrate Judge Sitarski also recommended that the writ be stayed by 180 days to allow the Commonwealth of Pennsylvania to vacate the Pa. C.O.A. conviction and to re-sentence Rodgers.

4

## II.    DISCUSSION

### A.    Objection One

Rodgers objects to the statement of facts in the R & R because it "do[es] not adequately take into account the sources of various testimonies given, nor do[es] [it] properly distinguish among those alleged facts established by testimony relevant to the charges of murder and possession . . . and those facts which were rendered admissible solely as a result of the discredited corrupt organizations prosecution." (Objections at 2.)  Rodgers does not object to any findings of fact as affirmatively incorrect; he merely argues that the findings of fact are incomplete.  Moreover, Rodgers has offered a statement of facts in support of this objection identical to that which he presented to Magistrate Judge Sitarski.  We find that the R & R adequately addresses the relevant facts in its analysis of Rodgers' discrete legal claims.  Magistrate Judge Sitarski appropriately derived her statement of facts directly from the trial court's opinion, and "a determination of a factual issue made by a State court shall be presumed to be correct." 28 U.S.C. § 2254(e).  Finally, Rodgers has not demonstrated how the findings of facts, even if incomplete, justify rejecting the R & R on that basis. Consequently, we overrule this objection.

### B.    Objection Two

Rodgers generally objects to Magistrate Judge Sitarski's limiting "relief" on his Pa. C.O.A. charge to merely vacating his conviction on that charge.  He contends that his conspiracy conviction should also be vacated pursuant to Griffin v. United States, 502 U.S. 46 (1992), because the Pa. C.O.A. offense (of which he could not be convicted as a matter of law) was one of several possible objects that the jury may have relied upon in returning the conspiracy conviction.  He further argues that he should receive a new trial on all the remaining charges because of the "wide-ranging, highly

prejudicial and otherwise inadmissible evidence" adduced to procure his Pa. C.O.A. conviction. (Habeas Pet. at 19.) Magistrate Judge Sitarski determined that Rodgers' evidentiary claims lacked merit because the challenged evidence was admissible to support his other convictions; she did not address Rodgers' claim that his conspiracy conviction was improper under <u>Griffin</u>. Nevertheless, we find that all of Rodgers' claims are procedurally defaulted and deny them on that basis.

Rodgers failed to exhaust his <u>Griffin</u> claim because he never presented his argument to the Pennsylvania courts. We therefore cannot consider this claim.[4] <u>See</u> 28 U.S.C. § 2254(b)(1)(A). We nevertheless recognize that Rodgers did assert his evidentiary claims in his <u>pro se</u> PCRA petition, arguing that "a new trial is required because the evidence of the corrupt organization [sic] spilled over into the murder trial and made the trial a drug trial, and the jury was prejudiced beyond repair when they heard all this testimony from a dozen witnesses concerning alleged drug deals and gun." (<u>Pro se</u> PCRA Pet. at 6.) However, PCRA counsel was subsequently appointed, and he submitted an amended PCRA petition that alleged merely ***trial counsel's ineffectiveness*** for failing to: (1) make various evidentiary objections; (2) seek a mistrial; and (3) request a curative instruction. (<u>See</u> Memo. in Support of Am. PCRA Pet. at 3-7.) Counsel did not directly challenge the substantive admissibility of the evidence with respect to Rodgers' non-Pa. C.O.A. charges. Rodgers argues that, on the basis of these PCRA submissions, his claims have been properly exhausted in the state courts. We disagree.

First, a post-conviction petition claiming ineffective assistance of counsel does not exhaust the issues underlying the ineffective assistance claim. <u>See</u> <u>Garcia v. Palakovich</u>, Civ. A. No. 05-3479, 2006 WL 1620191, at *2 (E.D. Pa. Apr. 25, 2006) ("[A]n ineffective assistance claim involves

---

[4]Rodgers also has not argued that his failure to exhaust this claim should be excused.

a different legal theory and does not exhaust the underlying claim of trial court error . . . ."); see also Turner v. Artuz, 262 F.3d 118, 123 (2d Cir.), cert denied, 534 U.S. 1031 (2001) ("A court considering ineffective assistance might never reach the underlying constitutional claims, and the rejection of the ineffective assistance claims without detailed comment does not bespeak any necessary ruling on the underlying constitutional claim."). In this case, the PCRA courts merely determined that trial counsel was not ineffective for failing to raise meritless evidentiary objections, and considered the admissibility of the challenged evidence only in the context of whether counsel rendered effective assistance. They did not rule on the constitutional implications of admitting the challenged evidence. Thus, Rodgers' counseled PCRA petition asserting ineffectiveness of counsel did not exhaust the issues now before us.

Second, no Pennsylvania court entertained the substantive arguments raised in Rodgers' pro se PCRA petition because, under state law, only Rodgers's counseled PCRA petition was considered. The Supreme Court of Pennsylvania has made clear that criminal appellants are not entitled to "hybrid representation"—that is, they cannot simultaneously have counsel and act as co-counsel. Commonwealth v. Ellis, 626 A.2d 1137, 1139 (Pa. 1993); see also Commonwealth v. Pursell, 724 A.2d 293, 301 (Pa. 1999) (citing Ellis, 626 A.2d at 1137). As such, PCRA courts are not required to consider "pro se filings of defendants when qualified counsel represent those defendants." Pursell, 724 A.2d at 302 (citing Commonwealth v. Rogers, 645 A.2d 223 (1994)). A pro se brief may be accepted for filing purposes, but it is not reviewed if a counseled brief is filed at any time. See Commonwealth v. Castro, 766 A.2d 1283, 1288 n.11 (Pa. Super. Ct. 2001) (citing Ellis, 581 A.2d at 600); see also Smith v. Nish, Civ. A. No. 07-1279, 2008 WL 4616850, at *5 n.2 (W.D. Pa. Oct. 16, 2008) (citing Cox v. Blaine, Civ. A. No. 00-5188, 2003 WL 22238986, at *5

(E.D. Pa., July 23, 2003)).  Because the Pennsylvania courts do not consider such pro se filings, and

because this procedural rule is firmly established and regularly followed by the Pennsylvania courts,

see generally Molina v. Lawler, Civ. A. No. 08-343, 2008 WL 5054558, at *6 (E.D. Pa. Nov. 21,

2008) (citing cases), the claims contained in such filings are deemed unexhausted; thus, we

ordinarily must dismiss such claims.  See Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).

Even though the state courts would not now consider Rodgers' unexhausted claims because

they are untimely under state law,[5] we may still consider them in the first instance if Rodgers can

establish that his procedural default should be excused.  See Doctor v. Walters, 96 F.3d 675, 681-83

(3d Cir. 1996).  In Coleman v. Thompson, 501 U.S. 722 (1991), the Supreme Court set out two bases

for excusing otherwise defaulted claims, holding that

> [i]n all cases in which a state prisoner has defaulted his federal claims
> in state court pursuant to an independent and adequate state
> procedural rule, federal habeas review of the claims is barred unless

---

[5]A PCRA petition, "including a second or subsequent petition, shall be filed within one year
of the date the judgment becomes final . . . ." 42 Pa. Cons. Stat. Ann. § 9545(b)(1).  "A judgment
becomes final at the conclusion of direct review . . . or at the expiration of time for seeking the
review." Id. § 9545(b)(3).  There are three exceptions to one-year time limit, which apply if the
petition alleges and the petitioner proves: (1) the government unlawfully interfered with the raising
of the claim; (2) the claim is predicated upon facts either unknown to or which could not be
ascertained by the petitioner through due diligence; or (3) the claim involves a newly recognized
constitutional right that has been held to apply retroactively. Id. § 9545(b)(1).  Because Rodgers
merely raises evidentiary challenges and asserts the applicability of a constitutional right that already
existed at the time of his trial in 1993 (Griffin was decided in 1992), he does not qualify for any of
these exceptions.
    The deadline for filing a petition for writ of certiorari with the Supreme Court of the United
States is 90 days after the final judgment of the state court of last resort.  See Rules of the Supreme
Court of the United States, Rule 13(1).  The Supreme Court of Pennsylvania denied allocatur on
March 12, 1996.  Thus, Rodgers generally had to file all claims with the PCRA court no later than
June 10, 1997.  He did not; therefore, his unfiled claims are procedurally defaulted.  Moreover, even
if one of the three aforementioned exceptions to the one-year filing deadline did apply, Rodgers
cannot satisfy the statute's requirement that petitions invoking such exceptions be filed within 60
days of the date the claim could have been presented.  See 42 Pa. Con. Stat. Ann. § 9545(b)(2).

> the prisoner can [1] demonstrate *cause* for the default and *actual prejudice* as a result of the alleged violation of federal law, or [2] demonstrate that failure to consider the claims will result in a *fundamental miscarriage of justice*.

501 U.S. at 750 (emphasis added); see also Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000) (citations omitted).

To demonstrate "cause and prejudice," the petitioner must show "'some objective factor *external to the defense* that impeded counsel's efforts to comply with the State's procedural rule.'" Slutzker, 393 F.3d at 381 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (emphasis added). Rodgers argues that his evidentiary claims were not exhausted, and thus procedurally defaulted, because counsel was ineffective for failing to raise such claims in the counseled PCRA filing. This argument lacks merit. A petitioner has no constitutional right to counsel in post-conviction proceedings. Coleman, 501 U.S. at 752 (citing Pennsylvania v. Finley, 481 U.S. 551 (1990)). Where an attorney fails to raise certain arguments in the state post-conviction proceedings, it is the petitioner who "'must bear the risk of the attorney error that results in a procedural default.'" Id. at 752-53. As such, a petitioner cannot claim the ineffective assistance of PCRA counsel as cause to excuse his default. See id. at 752 (citing Wainwright v. Torna, 455 U.S. 586 (1982)); see also 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.") Consequently, we find that Rodgers does not qualify for the "cause and prejudice" exception because he asserts only PCRA counsel's ineffectiveness to excuse his default.

We also find that Rodgers fails to satisfy the "miscarriage of justice" exception with respect to his non-Pa. C.O.A. convictions. "To establish actual innocence, [a] petitioner must demonstrate

that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-328 (1995)) (internal quotations omitted).  However, one cannot qualify for this exception merely because he is **_technically_** innocent, i.e., because his conviction is merely legally insufficient.  Id. at 623-24 (citing Sawyer v. Whitley, 505 U.S. 333, 339 (1992)).  Rather, "[t]o be credible, [an actual innocence] claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324; see also Goldblum v. Klem, 510 F.3d 204, 225 (3d Cir. 2007) ("First, a court must decide 'whether the [petitioner] has presented new reliable evidence . . . not presented at trial.'" (quoting Hubbard v. Pinchak, 378 F.3d 333, 340 (3d Cir. 2004)))

In this case, Rodgers alleges actual innocence of all charges in his pro se Memorandum in Support, but he has not offered new, reliable evidence of factual innocence to establish that this exception applies to his non-Pa. C.O.A. convictions.  Instead, Rodgers has merely alleged technical innocence as to his non-Pa. C.O.A. convictions.  Consequently, we find that Rodgers' claims are inexcusably, procedurally defaulted and overrule this objection.

C.    Objection Three

Rodgers argues that trial counsel was ineffective for not objecting to evidence relating to his alleged prior abuse of his girlfriend, his involvement in the drug business, and his possession of a firearm like that used to kill the victim, as well as for failing to seek a mistrial after evidence was admitted tending to show that his girlfriend's children placed him at the murder scene.  Magistrate Judge Sitarski determined that the PCRA court properly ruled against Rodgers' evidence-based

ineffectiveness claims because the admission of each challenged piece of evidence was either consistent with Pennsylvania's laws of evidence or amounted to harmless error. See Commonwealth v. Rodgers, No. 9211-3465 (C.C.P. Phila. May 6, 2002) at 3-5 (hereinafter "PCRA Opinion"). Magistrate Judge Sitarski concluded that the PCRA court's rulings were consistent with federal law and, thus, were entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (codified at, inter alia 28 U.S.C. § 2254).  Magistrate Judge Sitarski also concluded that Rodgers had failed to demonstrate that the trial judge would have granted him a mistrial had counsel asked for one, in light of the reasons articulated by the PCRA court and the fact that a curative instruction *was* given during the charge at trial counsel's request.[6]  (See N.T. 6/3/93 at 691 ("Some mention was made of a seven year old and five year old in the closing statement of the District Attorney.  Please disregard that particular reference.").)  We agree with Magistrate Judge Sitarski's conclusions.

Beyond repeating verbatim the arguments he made below, Rodgers specifically objects to Magistrate Judge Sitarski's piecemeal consideration of the evidentiary challenges, rather than their cumulative impact on the effectiveness of trial counsel's representation.  He also appears to argue that trial counsel was ineffective for failing to object to the challenged evidence because the Pa. C.O.A. conviction has since been vacated.  Both contentions lack merit.

---

[6]The instruction was given because defense counsel objected to the district attorney's closing arguments regarding the child's statement.  During summation, the district attorney stated, "Every question Mr. Rodgers was asked on the stand, he tried to explain it away.  The seven year old was lying.  The five year old was lying."  (N.T. 6/3/93 at 674.)  After the prosecutor's summation, defense counsel objected to "[his] reference to calling a seven year old and a five year old lying [sic]," reminded the court that it "had sustained [her] objections at the time of trial about the seven year old," and "ask[ed] for a cautionary instruction to the jury to disregard that statement."  (Id. at 684.)

First, although Rodgers assails the manner in which Magistrate Judge Sitarski considered his evidentiary claims because he contends such consideration did not take into account the cumulative effect of the alleged defects, we find no error with Magistrate Judge Sitarski's analysis. The PCRA court found that the only alleged error trial counsel actually committed was failing to object to the testimony that Rodgers had possessed a gun on a prior occasion. As Magistrate Judge Sitarski observed, however, the PCRA court determined that such error was "minor" compared to Rodgers' admission to a witness that he shot the deceased because the deceased had tried to rape Rodgers' girlfriend. (PCRA Opinion at 4.) Consequently, there was no need to examine the "cumulative" effect of a single harmless error, and we reject Rodgers' contention to that effect.

Second, the reasonableness of counsel's failure to object to the admissibility of evidence must be viewed "as of the time of counsel's conduct." Strickland, 466 U.S. at 690. At the time of Rodgers' trial, the Pennsylvania court *did* apply the Pa. C.O.A. to illegitimate enterprises. See, e.g., Commonwealth v. Yacoubian, 489 A.2d 228, 231 (Pa. Super. Ct. 1985) ("Neither the preamble nor the express language of the [Pa. C.O.A.] prevents its proscription from reaching enterprises organized and existing for illegal purposes."); Commonwealth v. Besch, 614 A.2d 1155 (Pa. Super. Ct. 1992). Thus, any objection trial counsel might have raised would have been denied as meritless. (See, e.g., Trial Court Opinion at 4-5 (finding that evidence of Rodgers' drug dealing conduct was admissible to prove the Pa. C.O.A. charge).)

Rodgers nevertheless contends that trial counsel should have objected to his Pa. C.O.A. conviction because, during the pendency of his post-trial motions, the Supreme Court of Pennsylvania granted allocatur in Besch v. Commonwealth, 674 A.2d 655 (Pa. 1996), the case in which that court first held that the Pa. C.O.A. applied only to legitimate enterprises. See id. at 659.

However, as the Supreme Court of Pennsylvania recently observed—in a case involving allegations that counsel had provided ineffective assistance for failing to assert this argument before <u>Besch</u> was decided— nothing in Pennsylvania jurisprudence pre-<u>Besch</u> foreshadowed a narrowed interpretation of the Pa. C.O.A., and trial counsel "cannot be deemed ineffective for failing to predict a change or development in the law."  <u>Commonwealth v. Williams</u>, 936 A.2d 12, 28 (Pa. 2007) (citation omitted).  As such, Rodgers' objection fails to the extent that he argues trial counsel should have objected to the evidence on the basis of the then-proper Pa. C.O.A. charge.  The fact that the Supreme Court of Pennsylvania determined several years ***after*** Rodgers' trial that the Pa. C.O.A. did not apply to illegitimate enterprises has no bearing on whether counsel's performance at trial was effective, particularly when the change in the law was unforeseeable.  Consequently, we overrule this objection.

        D.     <u>Objection Four</u>

Rodgers argues that trial and direct appeal counsel were ineffective for failing to argue that the Pa. C.O.A. only applied to legitimate enterprises because "the writing was on the wall" that the Supreme Court of Pennsylvania was going to rule as such.  Magistrate Judge Sitarski concluded that such a claim was procedurally defaulted because it had only been raised in Rodgers' <u>pro se</u> PCRA petition.  She likewise found that, even if not defaulted, this claim lacked merit.  Nevertheless, Magistrate Judge Sitarski determined that this claim was moot because she recommended that the Pa. C.O.A. conviction be overturned.  We agree that this claim is moot.  Consequently, Rodgers has received all of the habeas relief to which he is entitled on his Pa. C.O.A. claim, and we overrule the objection.

E.      Objection Five

Rodgers argues that trial counsel was ineffective for failing to object to two portions of the jury charge that "together tended to relieve the Commonwealth of the burden of proving its case beyond a reasonable doubt."[7]  (Counseled Memo. in Support at 31.)  Magistrate Judge Sitarski concluded that this claim was procedurally defaulted and that it could not come in under the "miscarriage of justice" exception because, although Rodgers is actually innocent of the Pa. C.O.A. charge, he has not shown that he was actually innocent of the other charges of which he was convicted.

Rodgers objects to this finding, contending that it was "not by any lack of diligence on [his] part that his ineffectiveness issues relating to the jury charge were never addressed by either the Court of Common Pleas or the Superior Court of Pennsylvania."  (Objections at 26.)  Rather, he argues it was PCRA counsel's failure to include this claim (and other claims), over his vigorous and explicit opposition, that caused him to default.   As noted above, however, the fact that Rodgers raised this issue in his pro se PCRA petition does not mean that his claim was exhausted.  Rodgers' counseled PCRA petition did not raise this argument, and the PCRA court never considered it. PCRA counsel's ineffectiveness cannot constitute the requisite cause and prejudice to justify Rodgers' default because it is not a constitutional defect.  We therefore agree with Magistrate Judge Sitarski that this claim is defaulted.

---

[7]The first of the challenged instructions told the jury that they "may convict the defendant on the basis of a single prosecution witness if [they] believe beyond a reasonable doubt that the witness was truthful and believe that what the witness said happened is in fact what happened, and believe that the testimony of the witness covers each element of the offense charged."  (N.T. 6/3/93 at 692.)  The second instruction told the jury that "[l]egal malice may be inferred and found from the attending circumstances of the act resulting in death."  (Id. at 695-96.)

Rodgers further argues that, even if defaulted, this claim qualifies for the miscarriage of justice exception because of his claim of actual innocence as to the Pa. C.O.A. charge.  He contends that Magistrate Judge Sitarski incorrectly found that he does not qualify for the exception because she did not cite to any case law "requiring that actual innocence on every count charged is required to negotiate the miscarriage of justice gateway."  (Objections at 30.)  We find that the actual innocence exception necessarily applies on a count-by-count basis, and the burden therefore remains on Rodgers to establish actual innocence as to *each* of the convictions he now collaterally attacks.  Here, Rodgers has offered no new evidence to show that no reasonable juror would have found him guilty of the non-Pa. C.O.A. charges simply because he is innocent of the Pa. C.O.A. conviction.  See Coleman, 513 U.S. at 327 (citing Carrier, 477 U.S. at 496 ).  Consequently, we find that Rodgers does not qualify for the miscarriage of justice exception as to his non-Pa. C.O.A. convictions and overrule this objection.

## III.    CONCLUSION

Upon careful consideration of Rodgers' Objections of the Report and Recommendation and Respondents' responses thereto, we find that none of Rodgers' objections has merit.  Consequently, we approve and adopt Magistrate Judge Sitarski's Report and Recommendation in a manner consistent with this Opinion.

An appropriate Order follows.

15

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DENNIS RODGERS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID DIGUGLIELMO, et al. | : | NO.  04-4010 |

## ORDER

AND NOW, this 17th day of March, 2009, upon careful and independent consideration of the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 1) and all attendant and responsive briefing, and after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski (Docket No. 47), Petitioner's Objections to the Report and Recommendation (Docket No. 48), and Respondents' response thereto (Docket No. 49), **IT IS HEREBY ORDERED** that:

1.    Petitioner's Objections to the Report and Recommendation of Magistrate Judge Lynne A. Sitarski are **OVERRULED**.

2.    The Report and Recommendation is **APPROVED** and **ADOPTED** consistent with this Memorandum-Order.

3.    The Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **GRANTED** only with respect to Petitioner's Pennsylvania Corrupt Organizations Act conviction; it is denied in all other respects.

4.    The execution of the writ will be stayed 180 days to allow the state court to vacate the Petitioner's Pa. C.O.A. conviction and to re-sentence Petitioner.

5.    Because Petitioner has failed to make a substantial showing of the denial of a

constitutional right, we decline to issue a certificate of appealability under 28 U.S.C.

§ 2253(c)(2).

6.      The Clerk shall **CLOSE** this case statistically.


                              BY THE COURT:



                              ___/s John R. Padova_____
                              John R. Padova, J.